**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4247**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARROL LEE OWENS,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:08-cr-00025-MR-DLH-1)

Submitted:  November 29, 2018           Decided:  December 3, 2018

Before DUNCAN and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carroll Lee Owens appeals the district court's judgment revoking his term of supervised release and imposing a 27-month sentence of imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court erred by allowing hearsay testimony at the supervised release hearing. Owens has filed a pro se brief and an amended brief. The Government has declined to file a response brief.

"We review a district court's evidentiary ruling in a revocation hearing for abuse of discretion." *United States v. Ferguson*, 752 F.3d 613, 616 (4th Cir. 2014). Prior to admitting hearsay evidence, a district court "is to balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it," *United States v. Doswell*, 670 F.3d 526, 530 (4th Cir. 2012), and failure to do so is an abuse of discretion, *id.* at 531; *see* Fed. R. Crim. P. 32.1(b)(2)(C). However, an "error [that] had no substantial and injurious effect or influence on the outcome," is harmless, *Ferguson*, 752 F.3d at 618 (internal quotation marks omitted).

At the revocation hearing the Government presented testimony of two police officers who attempted to pull over the driver of a stolen car. Owens sought to cast doubt on his identification as the driver. The first officer related statements made by a female passenger in the vehicle and by Owens' mother that enabled the officer to identify Owens as the driver. Owens objected to these statements on hearsay grounds. The district court overruled his objection but failed to conduct the balancing test required by *Doswell*. In reaching its factual findings, however, the court did not consider the statements, but

2

rather the officers' actions resulting from the statements. The court thoroughly summarized the evidence, which included Owens' statement to the officer after his arrest, which established that Owens committed the charged violations of supervised release. We therefore conclude that the court's failure to conduct Rule 32.1's balancing test was harmless, *see Ferguson*, 752 F.3d at 618.

The issues raised in Owens' pro se supplemental brief and amended brief are without merit. The district court did not lack jurisdiction to revoke Owens' supervision, because the probation officer signed the petition for a warrant under penalty of perjury and the information in the petition established probable cause for issuance of a warrant. Any error in Owens' receipt of police reports four hours prior to the hearing was harmless because Owens told the court he was prepared for the hearing and used the reports to cross-examine the officers. Owens' predicate state offense was a Class B violation of his supervision, as it was punishable by more than one year of imprisonment. *See* N.C. Gen. Stat. § 15A-1340.17(c), (d) (2017). Finally, Owens' claim that his identification was based on an improperly suggestive mug shot fails because the court did not consider this identification evidence.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. Accordingly, we deny Owens' motions to strike counsel's *Anders* brief and to proceed pro se[*], grant his motion to amend his pro se supplemental

---

[*] Owens has no constitutional right to self-representation on appeal. *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 163 (2000).

3

brief, and affirm the judgment of the district court. This court requires that counsel inform Owens, in writing, of the right to petition the Supreme Court of the United States for further review. If Owens requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Owens. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*